GOSHORN, APPELLANT, *v.* HOSPITAL CARE CORPORATION, APPELLEE.

(No. 88AP080063—Decided May 17, 1989.)

*Sani & Barnhouse Co., L.P.A.,* and *James R. Barnhouse,* for appellant.

*Vogelgesang, Howes, Lindamood & Brunn* and *Joseph N. Williams,* for appellee.

SMART, J. This is an appeal from the New Philadelphia Municipal Court judgment entered in favor of defendant-appellee, Hospital Care Corporation ("HCC"), against plaintiff-appellant, Margaret A. Goshorn ("appellant"), dismissing the complaint with prejudice.

Appellant assigns two errors:

### Assignment of Error No. I

"The trial court erred in ruling the plaintiff-appellant's congenital mitral valve condition, that first became manifest after the effective date of her insurance contract, was a pre-existing condition excluded under the contract."

### Assignment of Error No. II

"The trial court erred in not ruling the contract was so worded as to mislead or deceive the plaintiff-appellant and members of the general public concerning coverage."

Appellant had purchased a hospital care contract from HCC effective May 1, 1983. This was a Blue Cross contract, similar to health insurance, but subject to different regulations.[1]

Appellant was admitted to Huron Road Hospital on May 17, 1983, and discharged on May 18, 1983. She was diagnosed and treated for a prolapse of the posterior leaflet of the mitral valve, which was shown to be a congenital condition. Appellant had no previous knowledge of this condition, and the symptoms first became manifest at the time of this hospitalization.[2]

---

[1] HCC is organized as a hospital care association, pursuant to former R.C. 1739.01 *et seq.* R.C. 1739.02 specifically exempted hospital care associations from certain insurance laws, including R.C. 3923.04(B)(2) which requires standard language that would have resolved this issue in favor of appellant. The statutes establishing hospital care associations were repealed effective October 1, 1987 (see 142 Ohio Laws, Part I, 330, 398-399) to the effect that all such contracts are now subject to the insurance regulations.

[2] Although appellant had been examined and treated for chest pains by a heart specialist shortly before the effective date of the policy, April 21, 1983, the trial court found the examination and treatment were directed to a complaint other than that which served as the basis for her hospitalization. This finding was supported

HCC denied coverage of medical expenses for this condition claiming that because appellant's congenital condition existed from birth, it was excluded from coverage by the pre-existing condition provision of the contract.

## I

The provision under which HCC denied coverage appears under the heading "Situations in which no benefits will be provided" and reads:

"Pre-existing conditions — A pre-existing condition is an illness, injury, or condition (including maternity) which exists on the effective date of this coverage. We will not pay the expenses for a pre-existing condition which are incurred during the first 12 months of this coverage."

Appellant contends that in order to give reasonable effect to this provision, a condition must be considered to *exist* when it first becomes manifest by symptoms, that is, when the sufferer knows or becomes aware of the condition. HCC urges that to do so would be to disregard the clear meaning and introduce unintended terms into the provision. This conflict can be resolved by looking to the purpose of insurance contracts, and of this type of exclusion provision.

The HCC contract is similar to insurance in that it serves to pool the funds (premiums) and distribute risk among the subscribers. By a system of shared risk, an individual subscriber is protected from the expense of unanticipated loss (illness or injury), *i.e.,* protected from the *unknown.* Implicit in this system is the understanding that the pool (HCC) should be able to insulate itself from *known* expenses. This is accomplished by means of exclusionary provisions.

The purpose of the contract provision, from the perspective of the subscriber, is to provide notice that certain expenses will not be covered. This notice fails if the provision is construed so as to exclude an unknown condition, *i.e.,* one which has not manifested symptoms.

Where a policy of insurance prepared by an insurer provides generally for certain coverage, exclusions from such coverage must be expressly provided for or must arise by necessary implication from the words used in the policy. *Butche* v. *Ohio Cas. Ins. Co.* (1962), 174 Ohio St. 144, 21 O.O. 2d 418, 187 N.E. 2d 20. By the foregoing reasoning, a congenital condition without manifest symptoms would not be excluded by necessary implication from the words of the provision. To hold that the words of the HCC contract could exclude coverage for a treatment of a condition that appellant did not know of and could not possibly have foreseen would be to stretch the meaning of that language to defeat the fundamental purpose of the contract.

We hold that the pre-existing condition exclusion in the HCC contract did not apply to appellant's congenital condition. The mitral valve prolapse *existed* as an anatomical peculiarity from birth, but did not *exist* as a medical condition until appellant's hospital admission, May 17, 1983.

The first assignment of error is sustained.

## II

The second assignment of error presents the question whether the pre-existing condition provision of the hospital care contract was drafted with purpose to mislead or deceive a subscriber, in violation of R.C. 3901.19 through 3901.21. We find that this question was not specifically ruled upon by the trial court and, therefore, is not properly before this court for review.

---

by the evidence of record, and her prior treatment will not be included in our consideration.

The second assignment of error is overruled.

Having sustained the first assignment of error, we reverse the judgment of the trial court and remand to that court for further proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

PUTMAN, P.J., and HOFFMAN, J., concur.